```
                   IN THE UNITED STATES DISTRICT COURT

                  FOR THE EASTERN DISTRICT OF CALIFORNIA


LARRY TEVIS and NANCY TEVIS,      )
                                  )
            Appellants,            )    2:08-cv-02265-GEB
                                  )
       v.                          )    ORDER AFFIRMING BANKRUPTCY
                                  )    COURT*
PAUL CASS, JAN P. JOHNSON, OFFICE )
OF THE U.S. TRUSTEE,              )
                                  )
            Appellees.             )
                                  )
```

This is an appeal of the Bankruptcy Court's September 15, 2008 Order granting Summary Judgment in favor of Appellees. The Bankruptcy Court found that "there is no genuine issue of material fact as to the content of the Settlement Agreement, and Moving Defendants have shown as a matter of law that the Settlement Agreement bars Plaintiffs' claim against them." (Appellants' Opening Br. at 170.)

Appellants filed their Notice of Appeal with this Court on

---

* This matter is deemed suitable for decision without oral argument. E.D. Cal. R. 78-230(h).

1

September 25, 2008.  Appellants' motion to proceed *in forma pauperis* was granted on March 17, 2009, and the appeal was docketed on March 17, 2009.  (Docket 1, 13, 14.)  Also on March 17, 2009, in accordance with Rule 8009 of the Federal Rules of Bankruptcy Procedure, the Clerk of Court sent notice to Appellants informing them their brief shall be served and filed within 15 days of the docketing of the appeal.  (Docket 15.)  On March 31, 2009, Appellants filed their Opening Brief.  (Docket 16.)  Appellees have not filed a brief.

A district court reviews the bankruptcy court's legal conclusions *de novo* and must accept the bankruptcy court's factual findings unless they are clearly erroneous.  In re Tucson Estates, Inc., 912 F.2d 1162, 1166 (9th Cir. 1990).

Appellants' brief, which is nearly incomprehensible, violates various formatting and page length requirements and lacks an index of the excerpts of record.  Appellants appear to argue that Bankruptcy "Judge Holman did not accept. . . all the material allegations. . . to be true" and "Judge Holman did not acknowledge Appellants['] Evidence."  (Appellants' Opening Br. 7:12-19.)  Upon reviewing the Bankruptcy Court's Order and all Excerpts of Record before that court, it appears that the Bankruptcy Court properly found that Appellants' "unsupported allegations [were] insufficient to show[] a genuine issue for trial."  (Appellants' Opening Br. at 170.)  The court also considered Appellant Larry Tevis's appearance in which he represented to the court that the purpose of the proceeding was to set aside a Settlement Agreement due to misrepresentations by the Appellees.  The court found, however, that the Complaint did "not set forth any claim for relief seeking to set aside the Settlement Agreement or articulate a basis upon which it should be set aside,"

1  and that it contained only "vague and ambiguous," "conclusory and
2  unsupported" allegations.  (Id. at 169-70.)  The Bankruptcy Court
3  correctly articulated and applied the standard for summary judgment
4  and was not clearly erroneous in its findings.
5          For the reasons stated above, the Bankruptcy Court's Order
6  is affirmed and the Clerk of Court shall close this case.
7  Dated:  September 3, 2009

                                    _____
                                    GARLAND E. BURRELL, JR.
                                    United States District Judge